977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William J. CORLEY, Plaintiff-Appellant,
v.
P. KASHTANOFF, et al., Defendants-Appellees.
 No. 92-15579.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Corley, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials in Corley's 42 U.S.C. § 1983 action. Corley contends that prison officials were deliberately indifferent to his serious medical needs in violation of the eighth amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Ferguson v. Greater Pocatello Chamber of Commerce, Inc., 848 F.2d 976, 979 (9th Cir.1988), and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A mere delay in treatment, without more, is insufficient to state of claim of deliberate medical indifference; the delay must have caused substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (citing Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir.1985)). Moreover, a difference of opinion does not amount to deliberate indifference to a prisoner's medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 5
 In addition, the Supreme Court has recently held that a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials in order to demonstrate deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). Mere negligence related to medical problems is not enough to make out a violation of the eighth amendment. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle, 429 U.S. at 104). Nevertheless, failure to provide a medical staff competent to examine and diagnose inmates' problems does violate the eighth amendment. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.1989) (per curiam) (citing Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982)).
 
 
 6
 Here, the basis of Corley's claim is that defendant Kashtanoff determined that his burn injury was not serious and thereby delayed Corley's transport to the prison hospital for two hours. In addition, he alleges that he did not receive proper treatment from defendant Gaffney when he was allowed to go to the prison hospital and that she refused to refer him to a doctor.
 
 
 7
 Corley has failed to allege facts which indicate a culpable state of mind on the part of Kashtanoff. See Wilson, 111 S.Ct. at 2323. At most, Corley's factual allegations indicate some degree of negligence, but not the conscious, deliberate indifference required to violate the eighth amendment. Accordingly, the district court did not err by granting summary judgment in favor of defendant Kashtanoff.
 
 
 8
 Moreover, Corley has also failed to show that defendant Gaffney displayed deliberate indifference to his alleged serious medical needs. At most, a difference of opinion existed as to the extent of Corley's injuries and the proper treatment for those injuries. See Sanchez, 891 F.2d at 242. Gaffney is a qualified nurse who did not ignore Corley's claims of injury, but rather provided treatment before sending him back to the prison housing unit. In addition, Corley states himself that he saw at least two doctors within eleven days of being seen by Gaffney. See id. Accordingly, the district court did not err by granting summary judgment in favor of defendant Gaffney.
 
 
 9
 Corley also contends the district court erred in denying his request for appointment of counsel. This contention lacks merit. Reviewing for abuse of discretion, we find that the absence of "exceptional circumstances" justified the district court's denial of Corley's motion for appointment of counsel. See McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987) (per curiam); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 10
 Kashtanoff's motion to supplement the record on appeal is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Corley's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3