992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny TODD, Plaintiff-Appellant,
v.
Tom AGNOS, Sheriff, et al., Defendants-Appellees.
 No. 92-16447.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Todd, an Arizona state prisoner, appeals pro se the district court's order granting summary judgment to appellees and dismissing his 42 U.S.C. § 1983 action. Todd claims that while he was incarcerated at the Maricopa County Jail appellees subjected him to cruel and unusual punishment and were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a motion for summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of the elements essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a summary judgment motion]; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 245 (1986).
 
 
 4
 "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Whether security measures inflict unnecessary and wanton pain and suffering depends on whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Id. at 320-21 (quotation omitted).
 
 
 5
 To establish a section 1983 claim for medical indifference, the prisoner must show that the defendants' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); see also Gamble, 429 U.S. at 104-05. The delay in medical care must have been harmful. See Shapely v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam); see also Gamble, 429 U.S. at 104 (the alleged indifference must rise to the level of "unnecessary and wanton infliction of pain").
 
 
 6
 Here, Todd's complaint alleged that while he was incarcerated at the Maricopa County Jail appellees delayed medical treatment. Specifically, Todd alleged that appellees, with knowledge of his recent back injury[1], placed him in four-point restraints on a steel bed without a mattress, handcuffed him to a chair, and forced him to wear only his underwear for more than twenty four hours. Todd alleged that these actions exacerbated his back injury and that appellees refused his requests for medical attention.
 
 
 7
 In their motion for summary judgment, appellees asserted that Todd received timely and appropriate medical care and that Todd was restrained because he threatened security officers and refused to cooperate with jail officials. Appellees proffered five exhibits and four affidavits which supported their assertion that Todd received medical care and was restrained for security reasons.
 
 
 8
 Todd did not respond to appellees' motion for summary judgment. Thus, Todd failed to point to evidence that was sufficient to show that appellees subjected him to cruel and unusual punishment and were deliberately indifferent to his serious medical needs. See Whitley, 475 U.S. at 320-21; Gamble, 429 U.S. at 106. Therefore, Todd failed to make a showing sufficient to establish the existence of the essential elements of his claims. See Anderson, 477 U.S. at 252; Celotex Corp., 477 U.S. at 322.
 
 
 9
 Accordingly, the district court did not err in granting appellees' motion for summary judgment. See Fed.R.Civ.P. 56(c); Taylor, 880 F.2d at 1044.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Todd's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On 2 September 1990, Todd slipped and fell in the shower and injured his back