993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward G. DANLEY, Plaintiff-Appellant,
v.
Robert G. BORG, et al., Defendants-Appellees.
 No. 92-15773.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 7, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward G. Danley, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. Danley contends that prison officials were deliberately indifferent to his serious medical needs in violation of the eighth amendment. He claims that prison officials' delay in treating him for a lump found under his breast following an earlier operation for cancer caused him emotional anxiety and stress. We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Id.
 
 
 4
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A mere delay in treatment, without more, is insufficient to state of claim of deliberate medical indifference; the delay must have caused substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (delay of five years for knee surgery resulting in permanent injury is deliberate indifference)). Moreover, plaintiffs may raise a cognizable eighth amendment claim based on psychological pain but not when the pain is de minimis or nonmeasureable. See Hudson v. McMillan, 112 S.Ct. 995, 1004 (1992).
 
 
 5
 Here, Danley contends that a two-month delay between the time the lump under his breast was detected and the operation to remove the lump caused him mental anguish and anxiety. On March 12, 1990 defendant Gaitonde, the prison's surgeon, examined Danley and discovered a small lump on his chest. Gaitonde recommended that Danley be seen by his specialist, Dr. Lalchandani, as soon as possible. On April 9, 1990 Gaitonde ordered an x-ray of Danley's chest and reported no significant abnormalities.
 
 
 6
 On April 19, 1990 Danley was transferred to Dr. Lalchandani's office for a follow-up examination. On April 25, 1990 Dr. Lalchandani recommended that Danley should have the lump removed and examined to determine whether or not it was malignant. In June of 1990 the lump was surgically removed and Danley was informed that it was benign.
 
 
 7
 While it may be true that a cancer patient feels stress and anxiety at the possibility of a recurrence of the disease, such feelings do not demonstrate substantial harm. Danley has failed to demonstrate that his level of stress and anxiety would have been reduced or eliminated had the operation occurred earlier. Moreover, the lump was later determined to be benign.
 
 
 8
 Therefore, Danley's allegations of anxiety in this case do not establish substantial harm. See Hudson, 112 S.Ct. at 1004. The district court properly granted summary judgment in favor of the defendant prison officials.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3