21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oliver WALKER, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Los Angeles City Counsel; Dr. King,
Parker Center Jail, Defendants-Appellees.
 No. 93-55650.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oliver Walker, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim. Walker contends that the defendants deprived him of his constitutional right to adequate medical treatment following his arrest for driving under the influence. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and affirm.
 
 
 3
 To state a claim under the Eighth Amendment, the plaintiff must allege acts or ommissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment." Wood v. Housewright 900 F.2d 1332, 1334 (9th Cir.1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988)). Deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. Hudson v. McMillan, 112 S.Ct. 995, 1000 (1992). A serious medical need exists if the failure to treat a prisoner's condition could result in further injury or the unnecessary and wanton infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A mere delay in treatment, without more does not constitute deliberate indifference; the delay must have caused substantial harm. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).
 
 
 4
 Here, Walker suffered multiple minor contusions and soft tissue swelling as a result of an auto accident. After the accident, Walker was arrested for driving under the influence and detained for two hours and twenty minutes before the jail physician treated his injuries. Because Walker's minor injuries did not amount to a serious medical need and the short delay did not cause substantial harm, the district court properly dismissed Walker's complaint for failure to state a claim. See Estelle, 429 U.S. at 106.
 
 
 5
 Walker's contention that the district court erred by not granting him leave to amend the complaint also lacks merit.
 
 
 6
 Fed.R.Civ.P. 15(a) provides that a trial court should grant leave to amend "freely when justice so requires." In deciding whether justice requires leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir.1989). A district court should grant leave to amend, even if no request was made, unless it determines that the pleading could not be cured by the allegations of additional facts. Cook v. Northern California Service, Inc., 911 F.2d 242, 247 (9th Cir.1990).
 
 
 7
 Here, given the minor nature of Walker's injuries, the complaint could not be cured by alleging additional facts. Therefore, the district court did not err by refusing to grant Walker leave to file an amended complaint. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3