24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raymond Ludwig FROST, Plaintiff-Appellant,
v.
Thomas W. LUTZ, Dr., Chief of Health Services; Samuel A.
Lewis, Director, ADOC; Rod Norrish, Facility Health
Administrator, ADOC; W.L. Dennis, Dr., D.M.C., Dentist; M.
Moses, RN, Nurse, ADOC, Miss Bolick, Physician's Assistant,
ADOC; D. Salem, Dr., M.D., Doctor MCH; et al., Defendants-Appellees.
 No. 93-16427.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 28, 1994.*
Decided May 5, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Raymond Ludwig Frost appeals pro se the district court's summary judgment in favor of prison officials in Frost's 42 U.S.C. Sec. 1983 action, alleging prison officials were deliberately indifferent to his medical needs. We affirm.
 
 
 3
 Frost makes three contentions. First, Frost contends that he was not granted adequate time to conduct discovery which prejudiced his reply to defendants' motion for summary judgment. Second, he contends that because Hettinger provided deliberately indifferent treatment of Frost's wounded leg, the district court improperly dismissed Dr. Hettinger from his suit. Finally, he contends that because he showed that the remaining defendants were deliberately indifferent to his broken leg, restricted urethra, dental problems and pain, the district court improperly granted summary judgment in their favor.
 
 I. Discovery Rulings
 
 4
 The district court is given wide latitude in making discovery rulings. United States v. Reliance Ins. Co., 799 F.2d 1382, 1387 (9th Cir.1986). The district court does not abuse its discretion if it denies additional discovery when the requesting party has not diligently pursued discovery in the past or has failed to show how the information sought would preclude summary judgment. California Union Ins. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990), cert. denied, 498 U.S. 1088 (1991).
 
 
 5
 The district court found that Frost had failed to diligently pursue discovery by not sending out interrogatories until three weeks before his reply to summary judgment was due. See id. The district court ruling is not clearly erroneous and is entitled to deference. See Reliance, 799 F.2d at 1387.
 
 II. Dismissal of Dr. Hettinger from Suit
 
 6
 A pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir.1970).
 
 
 7
 A prison physician or official is deliberately indifferent to a prisoner's serious medical needs when he denies, delays or intentionally interferes with medical treatment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A medical need is serious if it may result in further significant injury or the wanton and unnecessary infliction of pain if not treated. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. The defendants are culpable of deliberate indifference if they purposefully ignore or fail to respond to a prisoner's medical needs and pain. McGuckin, 974 F.2d at 1060. Neither negligence, malpractice, delay nor a difference in opinion about the proper course of treatment constitutes a violation of the Eighth Amendment. Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs., 766 F.2d 404, 407 (9th Cir.1985).
 
 
 8
 Frost stated no set of facts which would entitle him to relief against Dr. Hettinger. See Buckey v. Los Angeles 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, and 113 S.Ct. 600 (1992). Furthermore, it is clear that Frost cannot cure the defect by amending his complaint. Because Dr. Hettinger consulted with Frost before diagnosing his condition, her misdiagnosis was not deliberate indifference, although it may have been negligent. See Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059. Because Frost was informed of the margin of error, the diagnosis from an x-ray of the degree of angle difference is not deliberate indifference. See McGuckin, 974 F.2d at 1059. Thus, the district court properly dismissed Dr. Hettinger from suit because she was not deliberately indifferent to Frost's medical needs in failing to consult his medical record before consultation and misdiagnosing his condition, and in finding a lesser degree of angle difference between his legs than another doctor.
 
 
 9
 III. Summary Judgment in Favor of Remaining Defendants
 
 
 10
 A summary judgment is reviewed by viewing the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Co. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993). The nonmoving party must establish the existence of all elements essential to his case for which he bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Unsupported conclusory allegations are insufficient to preclude summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 11
 The remaining defendants were not deliberately indifferent to Frost's broken leg, restricted urethra, dental problems or in the administration of pain medication. The medical record shows that Frost received frequent medical treatment and saw outside specialists for his varied problems. Frost differed in opinion as to how to treat his knee, insisting on surgery, and his dental problems, insisting on a crown. See Sanchez, 891 F.2d at 242. Although he was subject to some delay in treatment, his condition did not worsen, nor was the delay willful. See Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059. Frost probably prolonged the treatment of his knee and urethra problems by refusing to undergo all the diagnostic tests. The possibility that the retrograde urethrogram which Frost was scheduled to take on July 2, 1990 may not have been administered is certainly an instance of negligence, but not culpable deliberate indifference. See McGuckin, 974 F.2d at 1060. The fact that Frost refused to take the follow-up retrodgrade urethrogram for which he was scheduled is not an instance of negligence, let alone culpable indifference on the part of the defendants.
 
 
 12
 The defendants were not deliberately indifferent in their administration of pain medication because the medical record shows that Frost received frequent pain prescriptions which were changed when he complained that certain medicines stopped working. See id. at 1059. The brief period when Frost did not receive medication was due to confusion over his recent move, and while regrettable, it is not a culpable showing of culpable deliberate indifference. See id. at 1059-60.
 
 
 
 *
 This case is suitable for submission without oral argument because the legal standards are established and the result is clear. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3