26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phuong MARSHBANKS, Plaintiff-Appellant,
v.
Samuel LEWIS, Director, Arizona Department of Corrections;
Dale Copeland, Warden; Angelo Daniels, Deputy
Warden; Jim Charles, Medical
Administrator; and Dale
Palmer, Defendants-Appellees.
 No. 93-17259.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phuong Marshbanks, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Marshbank's 42 U.S.C. Sec. 1983 prisoner civil rights action alleging that prison officials were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the nonmoving party. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). Indifference to medical needs must be substantial. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Inadequate treatment due to malpractice or even gross negligence, does not constitute an eighth amendment violation. Id. Mere difference of medical opinion, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989), or mere delay in surgery without more, Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985), does not rise to the level of deliberate indifference.
 
 
 5
 Marshbanks contends that the district court erred by granting summary judgment in favor of prison officials on his claim of deliberate indifference to Marshbanks's serious medical needs because of a delay in surgery. We disagree. In August 1992, Marshbanks was seen by a nurse after he complained of a lump on the triceps muscle of his right arm. From August through December 1992, Marshbanks was seen and evaluated repeatedly by prison medical staff who diagnosed the lump as a lipoma.[1] In December 1992, the prison Health Unit's Outside Referral Committee approved a referral to Maricopa Medical Center (MMC) Orthopedic Clinic.
 
 
 6
 Between January and April 1993, Marshbanks was evaluated by both prison medical personnel and outside medical specialists at MMC who performed state of the art diagnostic procedures, including an MRI, an ultrasound, and a bone scan. These tests revealed that there was a palpable mass in the right upper arm, and that there was no bone involvement. The doctors recommended an open incisional biopsy. On April 19, 1993, the tissue mass was removed from Marshbanks's right arm. In May and June, Marshbanks was seen by both prison and MMC doctors for postoperative review. Because no complications were noted, Marshbanks was released from MMC with "full activity" status.
 
 
 7
 The record clearly shows that Marshbanks was seen and evaluated by medical personnel on a regular basis, and that numerous state of the art diagnostic tests were performed to determine the best course of treatment. All of this treatment confirmed an initial diagnosis of a benign tumor, which was eventually removed. Marshbanks failed to introduce any admissible evidence that the treatment he received failed to meet his medical needs, that the outcome would have been different if he had received treatment earlier, or that the delay was for other than legitimate medical reasons.[2] Because a mere difference of medical opinion or delay in surgery does not to state an eighth amendment violation, see Sanchez, 891 F.2d at 242; Shapely, 766 F.2d at 407, the district court's judgment is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A lipoma is a benign tumor composed of mature fatty cells. Stedman's Medical Dictionary (5th ed. 1982)
 
 
 [2]
 Marshbanks alleges that he has a "huge 10 inch" scar because of the delay in treatment. There is nothing in the record to support Marshbanks's allegation that the scar would have been smaller had surgery been performed earlier