56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Hale SMITH, Plaintiff-Appellant,
v.
Rod NORRISH, Medical Administrator; Tris Castle, Physician's
Assistant, et al., Defendants-Appellees.
 No. 94-16906.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Hale Smith, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Smith's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs. Smith contends that the district court erred by: (1) finding no genuine issue of material fact that defendants were deliberately indifferent to his serious medical needs; (2) granting summary judgment without allowing Smith an opportunity to conduct discovery; and (3) granting summary judgment without allowing Smith an opportunity to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 Smith contends that the district court erred by granting summary judgment for defendants because there was a genuine issue of material fact as to whether defendants were deliberately indifferent to his serious medical needs. This contention lacks merit.
 
 
 5
 We review the district court's summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); McGuckin, 974 F.2d at 1059. To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 6
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion about treatment does not amount to deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, a mere delay in medical treatment, without resulting harm, is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).
 
 
 7
 Smith alleged that defendants exhibited deliberate indifference to his serious medical needs by delaying his medical treatment for an ankle injury and by failing to provide adequate pain medication.
 
 
 8
 Here, Smith injured his ankle when he jumped from his upper bunk to the floor. In support of their motion for summary judgment, defendants submitted affidavits indicating that defendants McKinley and Castle examined Smith's ankle several times, x-rayed his ankle, issued him crutches, put a cast on his ankle, and prescribed him pain medication. Although Smith disagreed with the type of pain medication he received, such disagreement is insufficient to give rise to a constitutional claim. See Sanchez, 891 F.2d at 240.
 
 
 9
 Even assuming that the treatment Smith received was negligent or amounted to medical malpractice, such conduct does not rise to the level of deliberate indifference under the Eighth Amendment. See Wood, 900 F.2d at 1334. Moreover, Smith did not allege facts showing a culpable state of mind on the part of defendants sufficient to demonstrate deliberate indifference to his ankle injury. See Wilson, 501 U.S. at 302.
 
 
 10
 Accordingly, the district court properly granted summary judgment for defendants on Smith's Eighth Amendment claim. See Taylor, 880 F.2d at 1045.
 
 II
 Discovery
 
 11
 Smith contends that the district court erred by denying his motion for additional time to conduct discovery. This contention lacks merit.
 
 
 12
 We review a district court's decision not to permit additional discovery pursuant to Fed. R. Civ. P. 56(f) for an abuse of discretion. Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir. 1994). "We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Id. (internal quotation omitted).
 
 
 13
 Here, Smith did not show how additional time for discovery would reveal material facts of deliberate indifference to his ankle injury. Moreover, the district court granted Smith two extensions of the discovery deadline, giving Smith approximately four additional months for discovery. Accordingly, the district court did not abuse its discretion by denying Smith's motion for additional discovery. See id.
 
 III
 Opportunity to Amend Complaint
 
 14
 Smith contends that the district court erred by granting summary judgment without allowing him leave to amend his complaint. This contention lacks merit.
 
 
 15
 The denial of leave to amend a complaint is reviewed for an abuse of discretion. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir. 1993). Such a policy, however, is "strictly" reviewed in light of the strong policy permitting amendment. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).
 
 
 16
 Smith attempted to supplement and amend his original complaint twice before defendants filed their answer, and both attempts were stricken from the record because of deficiencies which were explained in the orders striking the pleadings. After defendants filed their answer, Smith filed a motion for supplemental pleading, which was denied without prejudice because he failed to include a proposed supplemental pleading with his motion. The order also indicated the proper procedures to follow if Smith wished to renew his motion for supplemental pleading. Smith failed to follow the procedures set forth by the district court and did not renew his motion for supplemental pleading. Accordingly, the district court did not abuse its discretion by granting summary judgment without giving Smith leave to amend his complaint. See National Abortions Fed'n, 8 F.3d at 681.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, to the extent Smith requests oral argument, his request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3