67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby WILSON, Plaintiff-Appellant,
v.
Robert G. BORG, Intra Warden at Folsom State Prison; C
Hiller, Medical Assistant; Dr. Gauntonde, Medical Doctor;
Shedler, Chief Medical Office, Chief Medical Officer;
Odneal, Chief Medical Assist, Chief Medical Assistant,
Defendants-Appellees.
 No. 95-15720.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby Wilson, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials and medical staff members of the California State Prison at Sacramento in Wilson's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's summary judgment de novo, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 To establish a violation of the eighth amendment, Wilson must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. A difference of opinion over proper medical treatment does not constitute deliberate indifference. Franklin v. State of Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 4
 Wilson contends the defendants exhibited deliberate indifference to his serious medical needs by delaying medical treatment for his hernia and by failing to provide him with adequate pain medication. These contentions lack merit.
 
 
 5
 In support of defendants' motion for summary judgment, defendants submitted Wilson's prison medical file, Wilson's deposition, and a declaration by Dr. Johnson[1] who reviewed the course of treatment Wilson received for his hernia. This evidence established the following history. On February 25, 1992, Dr. Gaitonde diagnosed Wilson with a reducible right inguinal hernia, told him not to exercise, advised him to return to the clinic if the swelling increased or became painful, and placed him on the non-urgent surgery list. On April 27, 1992, Wilson filed a "602 appeal" through the inmate appeal process stating that he had been denied the opportunity to see a doctor regarding his hernia, which was causing pain during bowel and urinary functions. In response, Wilson was informed that he had been placed on the non-urgent surgery list, and that his hernia was unrelated to his alleged urinary and bowel problems.
 
 
 6
 Wilson reported to "sick call" complaining of hernial pain on August 4, 1992, at which time Dr. Burvant noted a large reducible right inguinal hernia. Wilson was placed on the local surgical consult list on August 27, 1992. On September 15, 1992, Wilson underwent surgery to correct the hernia. Although Wilson complains of some delay in surgical treatment, there is no evidence that his condition became worse as a result of the delay. See Estelle, 429 U.S. at 104. "Moreover, mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam); accord McGuckin, 974 F.2d at 1060.
 
 
 7
 Furthermore, the record demonstrates that the defendants neither purposely ignored nor failed to respond to Wilson's complaints of pain. On July 21, 1992, Wilson received a prescription for Tylenol for his hernia pain. Dr. Johnson states that the physician prescribed Tylenol because stronger painkillers might have "masked the pain" in which case Wilson would be unaware that the hernia was worsening. Although Wilson contends that he received insufficient medication to alleviate the hernial pain, he stated in his deposition that he did not use the Tylenol which was prescribed to him. Although Wilson clearly has a difference of opinion regarding proper medication for the treatment of hernial pain, a mere difference of opinion does not constitute an eighth amendment violation. See Franklin, 662 F.2d at 1344. Accordingly, the district court did not err in granting summary judgment in favor of the defendants. See McGuckin, 974 F.2d at 1060; Franklin, 662 F.2d at 1344.
 
 
 8
 The warden and medical staff also seek attorney's fees on appeal. A party that seeks attorney's fees in a civil case is required to identify the authority under which the attorney's fees will be sought. See 9th Cir.R. 28-2.3. Here, appellees requested attorneys fees under 42 U.S.C. Sec. 2985. The statute which they cite has been repealed. We decline to award attorney fees for this reason, and because a successful defendant in a civil rights case is allowed to recover attorney's fees only upon a finding that plaintiff's action was frivolous, unreasonable or without foundation. Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.), cert. denied, 115 S.Ct. 510 (1994). That is not the case here.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Johnson is Chief Medical Officer ("CMO") of California State Prison-Loss Angeles. He reviewed Wilson's file at the request of a deputy assistant attorney general assigned to this case
 
 
 [2]
 Wilson also contends the district court erred by denying him an extension of time to object to the magistrate judge's report and recommendation. Because Wilson's request was untimely, the district court did not abuse its discretion in denying the extension