78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon Salcido BOJORQUEZ, Plaintiff-Appellant,
v.
R. Prentice; A. Vanpelt, Dr.; E. Juel, Dr.; R. Williams;
Guillory, Defendants-Appellees.
 No. 95-16097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Ramon Salcido Bojorquez appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Bojorquez contends the district court erred when it concluded that as a matter of law defendants were not deliberately indifferent to his pain and serious medical needs (a) from May 27, 1994, the date he first informed prison officials about a lump on his left buttock, to August 4, 1994, the date a private physician diagnosed and lanced his cyst; and (b) from August 4, 1994 to November 8, 1994, the date he was taken to a community hospital for the complete removal of his cyst. Because Bojorquez's medical problems were resolved during the course of the lawsuit, Bojorquez appeals only the denial of damages.
 
 
 4
 The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The intentional interference with medical treatment once prescribed or the deliberate denial of, or deliberate delay of access to, medical care for a serious medical need constitutes deliberate indifference. Id. at 104-05. Negligence in diagnosing or treating a medical condition does not state an Eighth Amendment claim. Id. at 106.
 
 
 5
 Bojorquez first complained to prison officials of the lump on his buttock on May 27, 1994. He was examined by prison medical personnel on June 6, 1994 and July 20, 1994. Although they noted a quarter-inch soft tissue mass, they found no edema, redness, drainage or indication of infection or inflammation. Bojorquez sought assistance from the Mexican consulate. The consulate arranged to have him examined by Dr. Gardner, a private physician, on August 4, 1994. Dr. Gardner lanced the lump on Bojorquez's buttock and diagnosed it as a pilonidal cyst. Dr. Gardner informed prison officials that the lump could recur and if the infection did not clear in ten days, recommended that Bojorquez be examined by a general surgeon as surgical removal would probably be required.
 
 
 6
 In August 1994, a prison doctor inserted a drainage tube and examined Bojorquez on two occasions. On September 16, 1994, a prison doctor again examined Bojorquez and informed him he would be taken to a community hospital for the complete removal of his cyst. On October 17, 1994, Bojorquez filed this action in district court. On October 26, 1994, the district court ordered an answer. On November 8, 1994, Bojorquez was taken to a community hospital and his cyst was surgically removed. He has been "without problems since then."
 
 
 7
 The record demonstrates that prison officials gave considerable attention to Bojorquez's complaints. His cyst, however, was not lanced until a private doctor was called to the prison. Construing the record against defendants for purposes of summary judgment, we are satisfied that the district court properly granted summary judgment to defendants. See Gamble, 429 U.S. at 106 (negligence in diagnosis or treatment does not state an Eighth Amendment claim); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (difference of medical opinion does not amount to deliberate indifference); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (mere delay of surgery does not constitute deliberate medical indifference).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3