Michael J. LINSCHOTEN, Plaintiff–Appellant,

v.

Karen GEDNEY; et al., Defendants–Appellees.

No. 00–15494.

D.C. No. CV–98–82–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001 *.

Decided May 30, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

### MEMORANDUM **

 Nevada state prisoner Michael J. Linschoten appeals pro se the district court's summary judgment and dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to grant summary judgment. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). We review de novo a district court's decision to dismiss for failure to state a claim. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998). We affirm.

 Because Linschoten filed his complaint more than two years after the alleged Eighth and Fourteenth Amendment violations, the district court correctly granted summary judgment on Counts I, III, and IV. *See* Nev.Rev.Stat. § 11.190(4)(e) (1999). Because prison doctors delivered adequate medical treatment for Linschoten's lung disease and did not act with deliberate indifference in diagnosing Linschoten's Hepatitis C disease, Linschoten provided no evidence to establish deliberate indifference under the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Because Linschoten provided no evidence to establish that prison officials took his private property for public use or that delay in receiving medical treatment caused him harm, the district court properly granted appellees' motion for summary judgment. *See Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985) (per curiam).

Because Linschoten failed to allege facts to show violations under the Fifth, Eighth,

---

or Fourteenth Amendments, the district court properly dismissed Counts VII–XII for failure to state a claim. *See Estelle,* 429 U.S. at 104, 97 S.Ct. 285 (holding that right to medical care is Eighth Amendment issue); *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (requiring personal involvement or causation for constitutional violation); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989) (deliberate indifference).

All remaining contentions lack merit.

The clerk shall file Linschoten's "Notice to the Court," received on October 6, 2000, as a reply brief.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.