**Jarey STEWART, Plaintiff–Appellant,**

v.

**Cal A. TERHUNE; et al., Defendants–Appellees.**

No. 02–15660.

D.C. No. CV–98–01926–GEB/PAN.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 22, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Jarey Stewart appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C § 1983 action alleging violations of the Eighth and Fourteenth Amendments, and the Americans With Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review summary judgment de novo. *See Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994). The district court properly granted summary judgment as to Stewart's claims that defendants were deliberately indifferent to his complaint of back pain, and his request for photochromatic glasses, because Stewart's evidence merely demonstrated a difference in opinion between himself and the prison medical staff as to the appropriate course of treatment. *See Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981).

To the extent Stewart alleged that charging him for the prescription sun glasses evidenced deliberate indifference, summary judgment was proper because it is undisputed that Stewart received the tinted glasses he requested. *See Shapley v. Nevada Bd. of State Prison Com'rs,* 766 F.2d 404, 408 (9th Cir.1985) (per curiam) (holding that charging fees for medical services did not violate the Eighth Amendment where prisoner did not allege denial of medical care).

The district court properly granted summary judgment as to Stewart's claim that the defendants violated the ADA because Stewart failed to establish that his belief that he needs prescription tinted glasses is an impairment that prevents or severely restricts a major life activity. *See Sutton v. United Airlines, Inc.,* 527 U.S. 471, 482–83, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

The district court did not abuse its discretion in denying Stewart's requests for appointment of counsel because Stewart failed to demonstrate "exceptional circumstances." *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

The district court did not abuse its discretion in denying Stewart's motion for a protective order following defendants' revelation that Stewart received an eye exam and prescription eyeglasses, because Stewart waived his right to privacy by putting his eyesight at issue in the case. *See Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion in denying Stewart's motions to compel discovery because Stewart's request for documents was overly broad. *See Epstein v. MCA,* 54 F.3d 1422, 1423 (9th Cir.1995) (per curiam).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Asatoorians's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.