**Jeffrey Lee COX, Plaintiff—Appellant,**

v.

**WELDON, Lieutenant; et al.,
Defendants-Appellees.**

No. 02–16280.

D.C. No. CV–01–05796–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

Jeffrey Lee Cox appeals pro se the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to his medical needs and failed to accommodate his learning disability under the Americans With Disabilities Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

Cox alleged that officials at the Fresno County Jail were deliberately indifferent to his medical needs by failing to administer medication to treat his Attention Deficit Hyperactivity Disorder. The district court properly dismissed this claim because Cox did not allege facts to suggest that the delay in receiving medication stemmed from anything more than inadvertence or led to further injury. *See Redman v. County of San Diego*, 942 F.2d 1435, 1439–40 (9th Cir.1991) (en banc); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).

The district court properly concluded that Cox's claims alleging interference with his ability to assist defense counsel in his criminal trial and challenging the validity of his jail disciplinary proceedings were barred under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(1994), and *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). However, we construe the district court's dismissal of these claims to be without prejudice to Cox filing a new action should the conviction or disciplinary action be invalidated. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

The district court did not abuse its discretion by denying Cox's motion for appointment of counsel because Cox did not establish exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

We will not consider issues raised by Cox for the first time on appeal. *See Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir.1998).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

