Billy R. SHAPLEY, Plaintiff-Appellant,

v.

NEVADA BOARD OF STATE PRISON COMMISSIONERS, an administrative body, et al., Defendants-Appellees.

No. 84–1568.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 3, 1984 *.

Decided July 16, 1985.

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Bill Shapley, Carson City, Nev., for plaintiff-appellant.

Richard Bryan, Atty. Gen., Ana Colon, Deputy Atty. Gen., Carson City, Nev., for defendants-appellees.

Before BROWNING, Chief Judge, WALLACE and POOLE, Circuit Judges.

PER CURIAM:

Billy R. Shapley, a Nevada state prisoner, appeals the district court's dismissal of his complaint as frivolous under 28 U.S.C. § 1915(d). He contends that the district court erred in determining that res judicata and collateral estoppel rendered frivolous his claim that prison officials were deliberately indifferent to his medical needs by denying him surgery. He also claims that the district court erred in dismissing his action without discussing his allegation that the state violated his federally protected rights by charging $3 for each medical visit. We reverse on the deliberate medical indifference claim, and affirm on the fee imposition claim.

I.

BACKGROUND

Shapley, an inmate at the Northern Nevada Correctional Center, injured his knee in 1978 while he was incarcerated. In 1981, he filed a pro se complaint under 42 U.S.C. § 1983 against various prison officials and employees, alleging several claims of medical indifference. He specifically alleged that prison officials had improperly withheld medication, refused to deliver food to his room, and aggravated his condition by transferring him to a unit further from the mess hall. After a bench trial in January 1982, the district court found that medical treatment had been available for Shapley, but that he had not taken advantage of it. The court found no evidence of deliberate indifference to Shapley's medical needs by prison officials or physicians. *Shapley v. Wolff,* No. CIV-R-78-217-ECR, slip op. at 27-28 (D.Nev. March 24, 1982).

On July 5, 1983, Shapley again filed a pro se civil rights complaint under section 1983 alleging deliberate indifference to his medical needs. He alleged two counts of medical indifference: (1) the denial of knee surgery from May 1978 to March 1983 (when

Shapley's knee was operated upon), which delay seriously aggravated his injury and resulted in permanent impairment, in violation of his eighth and fourteenth amendment rights; and (2) the imposition of a $3 fee for each medical visit, in violation of his first, fifth, eighth and fourteenth amendment rights. The State moved to dismiss the complaint on the grounds that Shapley had failed to state a claim for which relief could be granted or, in the alternative, that the action was frivolous under 28 U.S.C. § 1915(d). On December 21, 1983, the district court dismissed the complaint as frivolous under section 1915(d) because the issue of deliberate indifference to Shapley's medical needs had been expressly litigated in the earlier action, and there was therefore no reasonable probability that Shapley would prevail on the merits. The court did not discuss Shapley's second claim, that imposition of a $3 fee for each medical visit violated his constitutional rights. This appeal ensued.

## II.

## DISCUSSION

■ We review district court dismissals of actions as legally frivolous pursuant to section 1915(d) under an abuse of discretion standard. *Gifford v. Tiernan,* 670 F.2d 882, 885 (9th Cir.), *appeal dismissed and cert. denied,* 459 U.S. 804, 103 S.Ct. 28, 74 L.Ed.2d 43 (1982). We examine the deliberate medical indifference and fee imposition claims separately.

### A. *Deliberate Medical Indifference*

The court below held that the deliberate medical indifference claim had been expressly litigated and decided at the 1982 trial, and that the bars of res judicata and collateral estoppel therefore defeated any reasonable probability that Shapley would prevail on the merits in the present action. While recognizing that Shapley's knee operation and his discovery that the delay in surgery had been injurious both occurred subsequent to the prior decision, the court below held that "the gravamen of the medical treatment claims for relief in both cases

was the same." *Shapley v. Ignacio,* No. CV–R–83–232–ECR, slip op. at 4 (D.Nev. Dec. 21, 1983), citing *Williams v. Field,* 394 F.2d 329, 332–33 (9th Cir.1968).

Shapley argues that he should be allowed to relitigate the issue of deliberate medical indifference because the cause of action in his two suits is not the same for res judicata purposes and the issues are not identical for collateral estoppel purposes.

Two cases involve the same cause of action where rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; where substantially the same evidence is presented in the two actions; where the suits involve infringement of the same right; and where the suits arise out of the same transactional nucleus of facts. *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir.1980) (per curiam). These criteria are mere tools of analysis, however; identity of claims "cannot be determined precisely by mechanistic application of a simple test." *Derish v. San Mateo-Burlingame Board of Realtors,* 724 F.2d 1347, 1349 (9th Cir. 1983), *quoting Abramson v. University of Hawaii,* 594 F.2d 202, 206 (9th Cir.1979).

■ In the first action, Shapley advanced three major grievances in connection with his 1978 knee injury: (1) the doctors were withholding his prescriptions; (2) prison officials moved him to a unit further from the mess hall; and (3) prison officials refused to feed him in his cell. The first action involved no claim that prison officials denied or delayed knee surgery.

By contrast, in the present action Shapley alleges that the delay in surgery from May 1978 until March 1983, causing permanent injury to his knee, reflected deliberate medical indifference. Shapley claims that several physicians recommended knee surgery between 1978 and the end of 1982, but that prison officials ignored these recommendations because of an official state policy of delaying all non-emergency surgery.

The court below asserted that Shapley was aware at the time of the 1982 trial that surgery had been recommended, and there-

fore could have raised the denial of surgery claim in the first action. Since the government is raising the affirmative defense of res judicata, it has the burden to allege facts that show Shapley's opportunity to litigate this claim in the first action. *See* Fed.R.Civ.P. 8(c).

The record does not establish that Shapley knew surgery had been recommended at the time of the first trial. His complaint simply states that surgery was recommended by various physicians from 1978 until the end of 1982; it does not allege when he became *aware* of these recommendations. It is entirely possible that Shapley did not learn of the recommendations made between 1978 and the time of the first trial in January 1982 until after the first trial. Moreover, Shapley alleges that two doctors, Dr. McLennan and Dr. Schnaser, recommended knee surgery in the latter half of 1982, several months after the first judgment was entered. The failure of prison authorities to respond to cumulative, repeated recommendations for surgery constituted the heart of Shapley's claim of medical indifference.

█ Moreover, mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference; even if Shapley were aware that surgery had been recommended when he brought the first action, he would have had no claim for deliberate medical indifference unless the denial was harmful. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Shapley alleges that he did not learn of the consequences of the delay in surgery until after the first action had been litigated. He therefore could not have been expected to include a claim of medical indifference based on the delay in surgery in his first action.

Relitigation of the issue of deliberate indifference to Shapley's medical needs would not impair or undermine the prior judgment. *See Harris v. Jacobs,* 621 F.2d at 343–44. As noted above, the fact that prison officials were found to have provided Shapley adequate medical care prior to March 1982 (the date of the first judgment) is independent of the question whether the delay in surgery to plaintiff's injury following the recommendations of surgery by several physicians constitutes deliberate medical indifference.

The evidence presented in the two actions would differ substantially. *Id.* The first action did not present the question of delay of surgery at all. By contrast, the present action, if allowed to go to trial, will center on evidentiary issues concerning the delay of surgery, including the extent of Shapley's injury, when surgery was recommended, which doctors recommended surgery and their reasons for doing so, whether prison officials were aware of these recommendations, whether the delay was justified, whether it injured plaintiff, and so forth.

Although the two suits do involve infringement of the same right (the third *Harris* factor), they do not arise out of the same "transactional nucleus of facts." *Id.* The prior action involved specific allegations concerning the transfer of Shapley to a new unit, the denial of a prescription for anti-inflammatory medication, and the refusal of prison officials to feed him in his cell. The present action concerns the facts surrounding the delay of surgery until March 1983, even though several physicians had recommended surgery at various times between 1978 and the end of 1982.

The district court relied on *Williams v. Field,* 394 F.2d 329 (9th Cir.1968), for the proposition that when the frivolity of a prisoner's suit appears from the district court's own records and files, a section 1915(d) dismissal is proper. *Williams* is distinguishable, however, on two grounds. First, the prisoner in *Williams* previously had presented the identical claim based on identical facts to three separate tribunals—that government officials had conspired to deprive him of his rights before the date of his original habeas corpus petition. *See id.* at 332–33. In this case, Shapley is presenting a similar claim, but based on a different set of facts than those relevant to the first action. Second, although the claim in *Williams* was presented to other tribunals, the

government did not assert res judicata in that case. In this case, the affirmative defense has been asserted, thus shifting the burden to the government to show that the claim could have been litigated in the first action.

We therefore hold that the court below abused its discretion in finding that res judicata rendered Shapley's deliberate medical indifference claim frivolous under section 1915(d).

Nor does collateral estoppel bar the present action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Similarity between issues is not sufficient; collateral estoppel is applied only when the issues are identical. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). As is clear from our discussion above, the delay in surgery issue underlying the deliberate medical indifference claim is not identical to any of the issues litigated in the first action.

If it is true that prison officials denied Shapley surgery despite the repeated recommendations of Shapley's physicians, Shapley may well have a valid section 1983 action under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979); *West v. Keve*, 571 F.2d 158, 161–62 (3d Cir.1978); Neisser, *Is There A Doctor in the Joint? The Search for Constitutional Standards for Prison Health Care*, 63 Va. L.Rev. 921, 969–70 (1977).

B. *Imposition of $3 Fee for Medical Visits*

Shapley also argues that the court below abused its discretion by dismissing the action without discussing his claim that the state violated his federally protected rights by charging $3 for every medical visit, pursuant to prison procedure No. 321–A. He alleges that these charges denied him medical treatment, evidenced deliberate indifference to his medical needs, and violated his first, fifth, eighth and fourteenth amendment rights. He alleges no further facts in support of this claim, except that the Board of Prison Commissioners approved procedure No. 321–A.

Pro se complaints must be liberally construed, *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.1980), but Shapley alleges no facts revealing how the $3 fee requirement affected him. Shapley does not allege he was denied medical treatment because he was unable to pay the $3 fee, nor does he allege that prison officials deny medical care to other prisoners who are indigent. The complaint alleges no facts which the court could construe as deliberate indifference under *Estelle v. Gamble*, 429 U.S. at 106–07, 97 S.Ct. at 292.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this opinion.