993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BURNS; Charles Lahr; Melvin K. McCrimmon; Robert
Williams, Class Action Suit for 600 Inmates at
SNCC In Jean, NV, Plaintiffs-Appellants,
v.
George SUMNER, Director of NV Prisons; Walter Luster,
Warden of SNCC, Defendants-Appellees.
 No. 91-16931.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1993.
Decided May 21, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a class action suit brought by prisoners confined at the Southern Nevada Correctional Center. They allege that their Eighth Amendment rights are being violated by inadequate conditions at the prison as well as a lack of proper medical care. After a bench trial, the district court rejected all of their claims. We affirm on the merits, but rule that appellants are entitled to attorneys' fees because with respect to at least the important issue of adequate fire protection, this suit has been the catalyst for improvement.
 
 I. Conditions at the Prison
 
 3
 All of the claims set forth by the plaintiffs are governed by the "deliberate indifference" standard. In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that the Eighth Amendment is violated when there has been "deliberate indifference to serious medical needs." Id. at 104. Likewise, the Court in Wilson v. Seiter, 111 S.Ct. 2321 (1991), held that the "deliberate indifference" standard applies to those cases challenging prison conditions. Id. at 2326. These cases demonstrate that there is an objective and subjective component to Eighth Amendment inquiries: (1) was the injury or harm suffered serious or significant; and (2) did that injury or harm occur as a result of the deliberate indifference of prison officials?
 
 A. Deprivation of Medical Treatment
 
 4
 Plaintiffs' arguments are: (1) the four dollar fee for inmate initiated medical visits violates the Constitution, and (2) various prisoners were denied basic medical needs. As to the first, appellants have made no showing that necessary medical care is denied to the prisoners because of the fee.
 
 
 5
 As to the second claim, five prisoners are discussed in appellants' brief. First, appellants allege that Michael Case endured unnecessary pain for three years as a result of a delay in surgery for carpal tunnel syndrome. Although Dr. Kaiser testified that he was unsure of the reason for delay, such a delay alone does not rise to the level of an Eighth Amendment violation. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).
 
 
 6
 Harold Merriam testified that he did not receive stockings for his varicose veins. Testimony at trial indicated that Merriam did receive stockings up to his knees, but wanted stockings up to his hips. Dr. Kaiser testified that knee length stockings were appropriate for Merriam's condition. This appears to be a matter of medical judgment that is not cognizable as an Eighth Amendment violation. See Estelle, 429 U.S. at 107.
 
 
 7
 Cloviel Smith testified that he had a defective pacemaker for eighteen months before it was removed. Defendants point out, however, that the pacemaker was removed before the time at issue in this action. Further, Smith litigated this issue in an earlier case. Smith also alleges that he has a medical note for a non-smoking roommate that has never been honored. Again, defendants point out that testimony indicates that Smith's request for a non-smoking roommate took place after the dates at issue in this claim. Finally, Smith complains that he has been denied a soft chair necessary because of a herniated disc. Dr. Kaiser testified that a soft chair was unnecessary. It appears that this claim is not cognizable because it is a disagreement over medical judgment.
 
 
 8
 Gary Klug and Valdimar Schmidt were offered as prisoners who had ruptured appendixes while being denied medical treatment. As to Klug, Dr. Kaiser explained that he had been sent to the University Medical Center when blood tests indicated infection. An appendectomy was performed. Appellants presented no testimony to demonstrate that this was unreasonable medical care. As to Schmidt, who did not testify, Dr. Kaiser testified that he was treated for a urinary tract infection because the tests suggested that was the problem. When Schmidt returned with abdominal pain, he was sent to the medical center where an appendectomy was performed on the same day.
 
 
 9
 The evidence presented above fails to show a pervasive inadequacy of medical care as a result of deliberate indifference on the part of prison officials.
 
 B. Inadequate Ventilation and Air Flow
 
 10
 The district court found that the ventilation system at the prison is at times obstructed by objects placed in the path of the system in a way that disturbs the normal flow of air. However, the district court ruled that prison officials "have consistently attempted to and, in the vast majority of cases, have succeeded in removing the obstructions placed by inmates in the ventilation system, and have patched the broken windows so as to provide adequate ventilation, heating and air conditioning in each inmates cell." The district court also found that inmates may request non-smoking roommates and that these requests are generally honored.
 
 
 11
 There was evidence that the problem with the ventilation was principally a result of inmate actions, including obstructing air flow for such reasons as cooling soft drinks and breaking windows in order to directly access outdoor air. The district court found that prison officials were attentive to this situation and in many cases were successful. Appellants do not demonstrate that the district court clearly erred.
 
 
 12
 Appellants also argue that they have been exposed to environmental tobacco smoke. In this regard, appellants' expert witness testified about the risks of environmental tobacco smoke. Appellants' brief, however, does not point to evidence that the levels at the prison endangered inmates.
 
 C. Inadequate Sanitation
 
 13
 Appellants claim that the showers are unsanitary and that flies are near food. In their brief, appellants offer the testimony of Ms. Jones that the state of the showers posed a health problem. The defendants counter that although Jones stated that the conditions could cause a health problem, she was unaware that any such problem had occurred. Further, defendants admit that the showers needed to be repaired and were in the process of so doing. Defendants state that the same is true for the fly problem. Specifically, defendants provided evidence that prison officials have followed the recommendations of the health inspector and are attempting to solve the problem. There was no showing of deliberate indifference.
 
 D. Inadequate Fire Protection
 
 14
 The district court found that the defendants had failed in the past to take reasonable steps to insure fire safety. The court attributed this in part to a rivalry between county fire inspectors and state fire inspectors. County standards are stricter but state standards are controlling. The court concluded that injunctive measures were not necessary because prison officials had corrected some problems and were in the process of correcting others. Further, the court stated that no excessive fire danger to the inmates exists at the prison. We find no abuse of discretion in denying injunctive relief.
 
 E. Violence and Security
 
 15
 Appellants allege that prison overcrowding has presented a security problem because there is only one guard for every one hundred prisoners. The district court, however, found that the prison "is remarkably free from violence." In fact, appellants do not present evidence of actual violence, but only state that the potential exists. The defendants' brief points to testimony that violence levels are lower than what would be expected at the prison. This claim is meritless.
 
 F. Punitive Lockdown
 
 16
 Appellants next argue that conditions in punitive lockdown violate the Eighth Amendment. The district court summarily rejected this argument, and on appeal appellants can point to only an isolated incident. Defendants point out that this occurred only for five or six days and that sanitation, food, and clothing were provided to the prisoner.
 
 
 17
 G. Clothing, Hygiene, Food and Special Diets
 
 
 18
 The evidence does not demonstrate an Eighth Amendment violation. It shows only complaints about conditions that defense evidence tended to show were unfounded.
 
 II. Attorneys' Fees
 
 19
 Appellants also argue that they are entitled to reasonable attorneys' fees because this action was a catalyst for improvements at the prison. We agree.
 
 
 20
 Although the district court did not resolve the attorneys' fees issue, it did implicitly recognize that the initiation of this suit caused officials to improve certain conditions at the prison. For example, the district court found that prison officials ameliorated fire hazards after the initiation of the lawsuit. Although this is but one issue of many brought by appellants, "the degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790 (1989) (emphasis in original). Thus, "[i]f the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." Id. at 791-92 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)).
 
 
 21
 Accordingly, this case is AFFIRMED IN PART AND REMANDED IN PART for a determination of reasonable attorneys' fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3