Taek Sang YOON, Plaintiff—Appellant,

v.

Donald HICKMAN; G.J. Giurbino; Charles D. Pickett, Defendants— Appellees.

No. 05–55338.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2005.*

Filed Feb. 24, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

**542**

Taek Sang Yoon, Centinela State Prison, Imperial, CA, pro se.

Attorney General, AGCA—Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

California state prisoner Taek Sang Yoon appeals pro se the district court's grant of summary judgment against him in his action brought under 42 U.S.C. § 1983 alleging that Dr. Hickman, a prison dentist, was deliberately indifferent to Yoon's serious dental needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *see Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we affirm.

■ Hickman saw Yoon nine times for his dental problems and offered Yoon dental treatment in the form of medication, salt rinses, releases from prison education programs to brush his teeth, and extraction of those teeth that could not be saved. The fact that Yoon disagreed with the recommended extractions indicates a difference of opinion and not deliberate indifference by Hickman. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). The delays in treatment do not amount to an Eighth Amendment violation. *See Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985). Moreover, any delays in treatment were,

in part, attributable to Yoon's refusal to show up for five scheduled appointments with Hickman. Because Yoon has not raised any triable issues of material fact regarding his claim of deliberate indifference to his serious dental needs, the district court properly granted summary judgment in favor of Hickman. *See Sanchez,* 891 F.2d at 242.

■ The district court also properly dismissed Yoon's claims against the Chief Medical Officer, Charles Pickett, and G.J. Giurbino, the Centennial Warden. Yoon did not allege any facts showing how either played a role in denying Yoon dental care and the doctrine of respondeat superior is not applicable to Yoon's § 1983 claim. *See Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bonner v. Lewis,* 857 F.2d 559, 566 (9th Cir.1988).

The district court did not abuse its discretion when it denied Yoon's request for appointment of counsel. *See Campbell v. Burt,* 141 F.3d 927, 931 (9th Cir.1998).

■ Because Yoon did not demonstrate the requisite "very significant possibility" that his constitutional rights will be violated in the near future, the district court did not err when it denied Yoon's motions for injunctive relief regarding food and dental care and for transfer to a different prison. *Nelsen v. King County,* 895 F.2d 1248, 1250 (9th Cir.1990).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.