Peter DANIEL, Plaintiff—Appellant,

v.

Martin LEVIN, M.D.; Arporn Sungkat-kitkorane, M.D.; William Ledbetter, Defendants—Appellees,

and

Jaewoo Pak, M.D.; Charles C. Lai, M.D., Defendants.

No. 04–55739.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Filed March 1, 2006.

Naomi Walkert, Esq., Heller Ehrman White & Mcauliffe, LLP, San Diego, CA, for Plaintiff–Appellant.

Richard F. Wolfe, Esq., AGCA–Office of the California Attorney General, San Diego, CA, Defendants–Appellees.

Before: LEAVY, COWEN,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Peter L. Daniel (Daniel), a former California state prisoner, appeals the district court's summary judgment against him in his action against the correction facility physicians and the correction facility captain. Daniel alleged under 42 U.S.C. § 1983 that the defendants were indifferent to his serious medical needs. Daniel also alleged that he was entitled to damages under Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 1231–34, because defendants willfully discriminated against him because of his disability.

### A. Background

In his first year at Calipatria, Daniel consulted with prison doctors over fifteen times for various medical issues, including back pain, neck pain, knee pain, and abdominal pain.

On October 25, 1997, Daniel slipped and fell while mopping the stairs as part of his prison work. He was transferred by ambulance to the prison infirmary, stayed overnight, and was released with a cervical collar and walking cane.

Daniel was examined by Dr. Sungkatkitkorane, a staff physician at Calipatria, two days after the fall on the stairs. Dr. Sungkatkitkorane examined Daniel on ten separate occasions from October 1997 to May 1998. On November 5, 1997, Dr. Sungkatkitkorane ordered x-rays of Daniel's spine, and the x-rays were taken November 19, 1997. In December 1997, Daniel was given a medical authorization for "temporary total disability" status for one year excusing Daniel from working in any prison program.

On February 18, 1998, the orthopedic surgeon who examined Daniel recommended that he see a neurosurgeon for his neck problems. On March 13, 1998, Daniel received authorization for a transfer for a neurological and orthopedic evaluation by the California Men's Colony (CMC) physicians and authorization to travel to CMC by bus. Daniel wrote a letter expressing concerns about the long bus ride, and Dr. Levin responded in writing on March 19, 1998, that prison policies allowed Daniel to receive pain medication at stopover institutions during the bus trip, but he could not receive pain medications while traveling on the bus.

On May 27, 1998, Daniel was transferred by bus to the CMC. Daniel alleges that this 14–hour bus ride caused him severe pain because he was required to be shackled while seated on the bus and was not given adequate pain medication. Daniel stated that he and other inmates on the bus were allowed to get off the bus at Chino for two hours and they went into a

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dorm with bunks. He stated that if he wanted to use the restroom on the bus he could tell the correctional officer that he needed to use the restroom and he could stand up and go to the restroom. Daniel stated that he used the restroom twice on the trip.

### B. *Deliberate Indifference to Serious Medical Needs*

Prison medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment and gives rise to § 1983 liability if the conduct complained of constitutes "deliberate indifference" to the "serious medical needs" of the prisoner. *See Redman v. County of San Diego,* 942 F.2d 1435, 1441 (9th Cir.1991). In order for deliberate indifference to be established, a defendant must "purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds by WMX Tech., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997).

■ Daniel argues that two prison doctors, Dr. Levin and Dr. Sungkatkitkorane, were deliberately indifferent, primarily due to delays in diagnosis and treatment. However, mere delay, without more, does not amount to an Eighth Amendment violation unless the delay was harmful. *See Shapley v. Nevada Bd. of State Prison Com'rs,* 766 F.2d 404, 407 (9th Cir.1985). Daniel failed to provide objective evidence of any additional serious injury caused by the alleged delays. Daniel also failed to show a culpable state of mind on the part of the doctors. The volume and content of the medical records and the frequency of Daniel's medical visits contradict Daniel's subjective opinion that the doctors purposefully ignored or failed to respond reasonably to Daniel's pain or medical needs. *See McGuckin,* 974 F.2d at 1060. There-

fore, summary judgment in favor of the prison doctors was proper on Daniel's § 1983 claim for deliberate indifference to medical needs.

### C. *Discrimination on the Basis of Disability*

"Title II of the ADA and § 504 of the [Rehabilitation Act] both prohibit discrimination on the basis of disability." *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA and the RA apply to inmates within state prisons. *See Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998); *see also Armstrong v. Wilson,* 124 F.3d 1019, 1023 (9th Cir.1997).

■ Daniel cannot seek damages or injunctive relief pursuant to the ADA or Rehabilitation Act (RA) against the defendants in their individual capacities. *See Eason v. Clark County School Dist.,* 303 F.3d 1137, 1145 (9th Cir.2002). However, the Eleventh Amendment does not bar ADA or RA suits against state officials in their official capacities for injunctive relief or damages. *See Phiffer v. Columbia River Corr. Inst.,* 384 F.3d 791, 791–92 (9th Cir.2004). In order to state a claim of disability discrimination under Title II of the ADA, Daniel must allege four elements: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services ... or was otherwise discriminated against by the public entity; and (4) such exclusion, denial ... or discrimination was by reason of his disability." *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir.2004) (citation, internal quotation marks and alteration omitted). To recover monetary damages under Title II of the ADA or RA,

Daniel must establish intentional discrimination on the part of the state officials. *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir.1998).

■ In *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir.2001), this court determined that the appropriate test for intentional discrimination under the ADA was "deliberate indifference." A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. *See id.* at 1138–39; *see also Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir.2004). Assuming, without deciding, that Daniel has raised a triable issue that he is an individual with a disability, that he was either excluded from participation in or denied the benefits of the prison's services, and that such exclusion or denial was by reason of his disability, Daniel failed to present any evidence that the defendants acted with deliberate indifference to his disability. While the long bus ride to the CMC undoubtedly caused Daniel discomfort due to his chronic neck and back pain, he was not denied pain medication under reasonable prison regulations or denied the ability to walk to the restroom on the bus. Summary judgment in favor of the defendants was proper on Daniel's claim for monetary damages under the ADA and RA.

AFFIRMED.