**David L. GREENING, Plaintiff—Appellant,**

v.

**Criswell KENNEDY, individually and officially; et al., Defendants—Appellees.**

No. 05-35844.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 19, 2006.

David L. Greening, Airway Heights, WA, pro se.

Mary Catherine McLachlan, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM ***

Washington state prisoner David L. Greening appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants acted with deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment in favor of defendants because the record shows that physicians at Airway Heights Corrections Center performed several diagnostic tests, treated Greening's Crohn's disease with prescription drugs, and admitted him to the infir-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

mary when his symptoms worsened. The record also shows defendants responded to Greening's complaints of back pain by treating him with prescription drugs and Tylenol, and referring him to physical therapy. This evidence merely shows a difference of opinion between Greening and his treating physicians, which does not constitute an Eighth Amendment violation. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989); *see also Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985) (per curiam) (a delay in medical treatment must lead to further injury to support a claim for deliberate indifference).

**AFFIRMED.**