John Clint DRAPER, Plaintiff—Appellant,

v.

Jeffery HARRIS; et al., Defendants—Appellees.

No. 06–15425.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**700**

John Clint Draper, Vacaville, CA, pro se.

John William Riches, II, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

John Clint Draper, a California state prisoner, appeals pro se from the district court's summary judgment in favor of defendants in Draper's 42 U.S.C. § 1983 action alleging violations of his First and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment for Harris on Draper's claim of excessive force because Draper failed to raise a triable issue as to whether Harris applied force "maliciously and sadistically for the very purpose of causing harm" in violation of Draper's Eighth Amendment rights. *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

The district court properly granted summary judgment on Draper's deliberate

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

indifference claim because Draper failed to produce evidence of injury from the alleged indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985) (per curiam) (a delay in medical treatment must lead to further injury to support a claim for deliberate indifference).

The district court properly granted summary judgment on Draper's claim that Harris retaliated against him for filing complaints of staff misconduct because Draper failed to raise a triable issue as to whether his placement in administrative segregation pending the investigation of his complaints did not advance a legitimate penological goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005).

Draper's remaining contentions are unpersuasive.

**AFFIRMED.**