**Toy Terrell SMITH, Plaintiff–Appellant,**

v.

**Jeanne S. WOODFORD; et al., Defendants–Appellees.**

**No. 08–15461.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009 *.

Filed Oct. 23, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Toy Terrell Smith, Crescent City, CA, pro se.

Donn Robert Duncan, Esquire, Deputy Assistant Attorney General, Attorney General Office, Samantha Derin Tama, Hanson Bridgett, LLP, San Francisco, CA, for Defendants–Appellees.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Toy Terrell Smith, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action claiming that prison officials were deliberately indifferent to his mental health needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Taylor v. List,* 880 F.2d 1040, 1044 (9th Cir.1989), and we affirm.

The district court properly granted summary judgment on the claims against Associate Warden Kirkland because Smith failed to raise a triable issue as to whether Kirkland knew of and disregarded an excessive risk to Smith's health, as required by *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Nothing in the record could have given Kirkland such knowledge. Various medical reports and Smith's own statements at the classification committee hearings indicated that Smith did not have mental health needs. *Cf. Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 408 (9th Cir.1985) (recognizing that prison officials should defer to medical professionals on medical matters). At most, Smith presented a difference of opinion with medical professionals, which does not amount to deliberate indifference. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989).

The district court properly granted summary judgment on the claims against Director Woodford because Smith failed to raise a triable issue as to whether she personally decided his inmate appeal, acted in other ways to cause his constitutional rights to be violated, or knew that her subordinates who denied his director's lev-

ed by 9th Cir. R. 36–3.

el appeal were violating his rights. *See Taylor,* 880 F.2d at 1045.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.