MEMORANDUM **
Toy Terrell Smith, a California state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action claiming that prison officials were deliberately indifferent to his mental health needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and we affirm.
The district court properly granted summary judgment on the claims against Associate Warden Kirkland because Smith failed to raise a triable issue as to whether Kirkland knew of and disregarded an excessive risk to Smith’s health, as required by Fanner v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Nothing in the record could have given Kirkland such knowledge. Various medical reports and Smith’s own statements at the classification committee hearings indicated that Smith did not have mental health needs. Cf. Shapley v. Nev. Bd. of State Prison Comm’rs, 766 F.2d 404, 408 (9th Cir.1985) (recognizing that prison officials should defer to medical professionals on medical matters). At most, Smith presented a difference of opinion with medical professionals, which does not amount to deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
The district court properly granted summary judgment on the claims against Director Woodford because Smith failed to raise a triable issue as to whether she personally decided his inmate appeal, acted in other ways to cause his constitutional rights to be violated, or knew that her subordinates who denied his director’s lev *11 el appeal were violating his rights. See Taylor, 880 F.2d at 1045.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.