**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY LYNN NEWTON, | No. 10-15972 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00133-AWI-DLB |
| v. | |
| KEN CLARK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Ricky Lynn Newton, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his dental needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed the deliberate indifference claim relating to injuries inflicted by an allegedly defective piece of dental equipment because Newton failed to allege that defendants' actions constituted anything other than negligence, malpractice, or an accident. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (even a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment").

The district court properly dismissed the deliberate indifference claim arising from a delay in dental treatment because Newton did not allege that he was harmed by the delay, *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam), or that any of the named defendants were responsible for the delay, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (person can be liable for deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety"); *Ortez v. Wash. Cnty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal of claims proper because the plaintiff failed to allege "specific facts linking each defendant to a § 1983 violation").

**AFFIRMED.**