FILED

NOT FOR PUBLICATION

NOV 29 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STANFORD PAUL BRYANT,

Plaintiff - Appellant,

v.

STEVEN GREGORY FARMER,
Contracted Podiatrist; et al.,

Defendants - Appellees.

No. 10-55904

D.C. No. 3:09-cv-02655-H-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 21, 2011[**]

Before:  TASHIMA, BERZON, and TALLMAN, Circuit Judges.

California state prisoner Stanford Paul Bryant appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to serious medical needs and various state law claims.  We have

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Bryant's deliberate indifference claim because Bryant failed to allege that defendants consciously disregarded any serious medical needs related to his toe surgery or that he suffered any further injury due to an intentional delay in accessing pain medicine. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (deliberate indifference standard); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (for delay of treatment to constitute deliberate indifference, prisoner must allege that it led to further injury). At most, Bryant's allegations amounted to a disagreement with the course of treatment and the quality of post-surgical care he received, neither of which constitutes deliberate indifference. *See Toguchi*, 391 F.3d at 1058, 1060.

The district court did not abuse its discretion in denying Bryant's motion for reconsideration because he failed establish any ground for such relief other than his disagreement with the court's judgment. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737, 740 (9th Cir. 2001) (setting forth standard of review and listing factors warranting reconsideration).

Bryant's remaining contentions are unpersuasive.

**AFFIRMED.**