**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO E. ACOSTA, | No. 11-15238 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01998-RLH-RJJ |
| v. | |
| N.A.P.H. CARE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Arturo E. Acosta, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

officials were deliberately indifferent to his serious medical needs.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Acosta's deliberate indifference claims because he failed to allege facts establishing that defendants consciously disregarded his serious medical needs.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (for delay of treatment to constitute deliberate indifference, prisoner must allege that it led to further injury); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

The district court did not abuse its discretion by denying leave to amend because it is clear that amendment would be futile.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's discretion is particularly broad when it has already granted leave to amend).

Acosta's remaining contentions are unpersuasive.

**AFFIRMED.**

11-15238