**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCIS T. FAHY,

            Plaintiff - Appellant,

   v.

ORPHEOS TARBOX; et al.,

            Defendants - Appellees.

No. 11-17276

D.C. No. 3:09-cv-01420-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    Francis T. Fahy appeals pro se from the district court's summary judgment

in his action under 42 U.S.C. § 1983 alleging constitutional violations arising out

of his arrest and confinement following a car accident. We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Fahy's unlawful and false arrest claims because Fahy failed to raise a triable dispute as to whether, at the time of the arrest, the officers lacked probable cause to believe that Fahy had violated California Vehicle Code § 20002(a). *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (validity of arrest does not depend on whether suspect actually committed a crime); *Rodis v. City & County of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009) (there is probable cause to arrest if officers know of "reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been . . . committed by the person being arrested" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Fahy's excessive force claims because Fahy failed to raise a triable dispute as to whether the officers' actions were objectively unreasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (an officer is allowed to use reasonable force during an arrest); *Arpin*, 261 F.3d at 922 (summary judgment

proper on excessive force claim arising from application of handcuffs where plaintiff did "not provide any medical records to support her claim that she suffered injury as a result of being handcuffed").

The district court properly granted summary judgment on Fahy's strip search claims because Fahy failed to raise a triable dispute as to whether the search was inconsistent with the process approved by this court in *Bull v. City & County of San Francisco*, 595 F.3d 964, 966-67, 971, 982 (9th Cir. 2010) (en banc).

Summary judgment was proper on Fahy's deliberate indifference to serious medical needs claims because Fahy failed to raise a triable dispute as to whether the denial or delay in treatment of his eye was harmful or led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging delay of medical treatment evinces deliberate indifference must show delay led to further injury); *Shapely v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (inmate does not have a "claim for deliberate indifference unless the denial was harmful").

The district court properly granted summary judgment on Fahy's malicious prosecution claims because Fahy failed to raise a triable dispute as to whether criminal prosecution of Fahy was initiated. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987)

(the elements of a malicious prosecution claim under § 1983 include the initiation of criminal prosecution).

The district court properly granted summary judgment on Fahy's claims arising out of his placements in what he alleges were "overcrowded" and "cold" cells because Fahy failed to raise a triable dispute as to whether his placement in these cells constituted "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *see also Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (allegations of overcrowding, alone, are insufficient to state a claim); *Graves v. Arpaio*, 623 F.3d 1043, 1049 (9th Cir. 2010) (per curiam) (constitution requires adequate heating, but not necessarily a "comfortable" temperature).

The district court properly granted summary judgment on Fahy's conspiracy and municipal liability claims because Fahy failed to raise a triable dispute as to whether his constitutional rights were violated. *See* 42 U.S.C. § 1985; *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Fahy's state law claims. *See* 28 U.S.C.

§ 1367(c)(3); *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001).

Fahy's contentions of judicial bias and incompetence are unpersuasive. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Fahy's contentions regarding discovery are also unpersuasive. *See* Fed. R. Civ. P. 56(d)(2); *cf. Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1988) (reference to a need for discovery in memoranda and declarations insufficient to satisfy requirements for Rule 56 motion for additional discovery).

**AFFIRMED.**