NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO HERNANDEZ,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>T. WOODS, Lt.; F. VANDERHOOFVAN; R. TUPY; T. CABRERA; R. PRESLEY; R. BUTCHER; G. PIMENTEL; D. YANG; J. CLEMONS; T. OSTEN; S. NAKAMURA; V. LENTZ; M. CREED; B. NEWTON,<br><br>          Defendants-Appellees. | No.   16-17334<br><br>D.C. No. 4:13-cv-05633-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted April 24, 2018[**]
San Francisco, California

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Plaintiff Eduardo Hernandez appeals pro se from the district court's

dismissal of his 42 U.S.C. § 1983 action alleging excessive force and deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs and safety in violation of the Eighth Amendment.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  The district court properly granted summary judgment on Plaintiff's deliberate indifference to safety claim.  Hernandez failed to raise a triable issue of fact that Officer Yang "consciously disregard[ed] a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (quotation omitted).  Officer Yang testified that he inadvertently opened Plaintiff's cell given the one-half inch between the plugs on his control panel.  Officer Yang then "responded reasonably to the risk [of a fight by immediately sounding the alarm], even if the harm ultimately was not averted."  *Id.* at 844.

Although Hernandez speculates that Officer Yang intentionally opened his cell door, this unfounded assertion, without more, does not raise a genuine dispute of fact.  *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).  Even viewing the evidence in the light most favorable to Hernandez, Officer Yang was at most negligent to Plaintiff's safety.  *Farmer*, 511 U.S. at 835

---

[1] On appeal, Hernandez does not challenge summary judgment in favor of Defendants on his conspiracy or due process claims.  Nor does he challenge the dismissal of his official capacity, prospective relief, supervisory liability, or state law claims.  Because Hernandez's brief does not address these claims, and failing to review them would not result in manifest injustice, we deem them waived.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), *as amended* (Oct. 8, 1993); *see also* Fed. R. App. P. 28(a)(8)(A).

("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

Moreover, Hernandez did not refute the evidence that Officers Newton, Clemons, and Osten responded quickly to the fight between Hernandez and inmate Miller. Hernandez's assertion that the officers were in front of the F-pod door when he exited his cell does not create a triable issue of fact.

**2.** The district court did not err in granting summary judgment on Hernandez's excessive force claim. It is undisputed that Officers Yang, Clemons, Osten, and Newton observed Hernandez and Miller fighting; both inmates were covered in blood; and Hernandez bore slash marks on his back, indicating a weapon was involved. Even assuming Hernandez did not receive warnings, as he claims, there is no genuine dispute that the force used—two bursts of oleoresin capsicum ("OC") spray and then, when the inmates continued fighting, up to two "Exact Impact" non-lethal block rounds—was "applied in a good-faith effort to maintain or restore discipline" and proportional to the potentially deadly fight. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *Spain v. Procunier*, 600 F.2d 189, 195–96 (9th Cir. 1979).

Neither is there any evidence that Officer Clemons used disproportionate or malicious force to handcuff Hernandez, even assuming Hernandez's thumb was "reinjur[ed.]" On this record, no reasonable jury could find that Officer Clemons

3

applied force maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 6–7.

**3.** The district court properly held that Hernandez's deliberate indifference to serious medical needs claim failed as a matter of law. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). It is undisputed that, after Hernandez was exposed to OC spray, he was removed from the contaminated area and taken to the prison clinic. Hernandez was decontaminated by flushing his face and eyes with cold water, consistent with the Department of Corrections and Rehabilitation's Operations Manual. Hernandez's spine was also stabilized.

Hernandez failed to show that this course of treatment—taken before rushing him to the hospital—"was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quotation omitted) (alteration in original). And, even assuming Officer Pimentel caused a one-hour delay before Hernandez was first decontaminated, there is no evidence any harm resulted. *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Moreover, Officers Butcher and Presler were not deliberately indifferent to Hernandez's medical needs by denying his requests to shower. Both testified that they understood Hernandez had previously been decontaminated. Officers Butcher and Presler "did not believe that [prohibiting Hernandez from showering] presented a serious risk of harm," and thus their "conduct cannot constitute deliberate indifference." *Toguchi*, 391 F.3d at 1058 (citation omitted).

**4.** Because summary judgment was properly granted on Hernandez's deliberate indifference to safety and excessive force claims, we need not review the district court's conclusion that the officers were also entitled to qualified immunity as to those claims. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Each party shall bear its own costs on appeal.

**AFFIRMED.**