**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ, | No. 19-56116 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00241-GPC-BGS |
| v. | |
| M. DEGUZMAN, Correctional Officer; in individual and official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

California state prisoner Leandro Leonel Gonzalez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference and excessive force claims.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004).  We affirm.

The district court properly granted summary judgment for defendant DeGuzman on Gonzalez's claims of deliberate indifference to safety and excessive force because Gonzalez failed to raise a genuine dispute of material fact as to whether DeGuzman knew of and disregarded an excessive risk to Gonzalez's safety, or maliciously and sadistically used force against him.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be held liable for deliberate indifference unless the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (the "core judicial inquiry" in resolving an excessive force claim is "whether force was applied . . . maliciously and sadistically to cause harm").

The district court properly dismissed Gonzalez's claims alleging deliberate indifference to his serious medical needs against defendants Rodrin and Calderon because Gonzalez failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (standard of review; although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Toguchi*, 391 F.3d at 1057-60 (medical malpractice, negligence, or a difference of opinion concerning the course of

19-56116

treatment does not amount to deliberate indifference); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (delay in providing medical treatment is insufficient to state a deliberate indifference claim unless the delay was harmful).

**AFFIRMED.**