**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE PRICE, | No. 20-35639 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00540-BR |
| v. | |
| STEVE SHELTON, Dr.; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ELIZABETH SAZIE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 10, 2021**
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

Former Oregon state prisoner Laurie Price timely appeals the summary judgment entered in favor of Defendants Dr. Steve Shelton, Dr. Robert Snider, Dr. Louis Pang, and Nurse Marilyn Mendoza in her 42 U.S.C. § 1983 action alleging that Defendants acted with deliberate indifference to her serious medical needs. Reviewing de novo, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir. 2004), we affirm.

The record shows that Plaintiff was examined, monitored, evaluated, and cared for regularly by physicians at the prison infirmary and at outside facilities. In many instances, the care took place within one or two days after Plaintiff informed the prison of a medical issue. Plaintiff also was prescribed various medications to treat her symptoms, and she underwent diagnostic procedures—including CT scans, biopsies, and x-rays—to determine the severity of her condition. At most, the record shows a difference of opinion between Plaintiff and her treating physicians, or mere negligence. A difference of medical opinion does not constitute an Eighth Amendment violation. Id. at 1058. Nor does

---

[***] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

negligence alone rise to the level of deliberate indifference. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, with respect to the alleged delay in arranging for Plaintiff's surgery, Plaintiff offers no evidence to show that any delay was intentional. Moreover, a "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." <u>Shapley v. Nev. Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

**AFFIRMED.**