**George VASQUEZ, Plaintiff—Appellant,**

v.

**Lee BACA; et al., Defendants—Appellees.**

**No. 07–55641.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 7, 2009.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George Vasquez, Coalinga, CA, pro se.

Cindy S. Lee, Esq., Lawrence Beach Allen & Choi PC, Glendale, CA, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

George Vasquez, a former detainee at the Los Angeles County Jail, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging denial of access to adequate medical care, religious services, and legal materials, as well as unconstitutional conditions of confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

■ The district court properly granted summary judgment on Vasquez's deliberate indifference claim because his allegations concerning treatment of a cold, a migraine, and athlete's foot did not implicate a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105–06, 97 S.Ct. 285,

50 L.Ed.2d 251 (1976) (stating that a plaintiff must show that the defendants were deliberately indifferent to serious medical needs). His allegations concerning a delay in dental treatment and a difference of medical opinion also do not constitute deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985) ("[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference[.]"); *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

■ The district court properly granted summary judgment on Vasquez's access to courts claim because he did not show that limited access to the law library, legal forms, paper, and a typewriter prevented him from pursuing a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding that an inmate must demonstrate that the alleged shortcomings in legal materials hindered his efforts to pursue a legal claim).

■ The district court properly granted summary judgment on Vasquez's free exercise claim because he failed to controvert the defendants' evidence that he was able to attend religious services and read his bible, and he did not allege that his sincerely-held religious beliefs required more. *See Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir.2008) (holding that the Free Exercise Clause is only implicated when a prison practice burdens an inmate's sincerely-held religious beliefs).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Lastly, the district court properly granted summary judgment on Vasquez's claims concerning the general conditions of confinement. The defendants proffered legitimate, non-punitive reasons for the conditions that Vasquez described. *See Bell v. Wolfish,* 441 U.S. 520, 536–37, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (holding that the government may subject an inmate to the general conditions of the detention facility so long as those conditions do not amount to punishment or otherwise violate the Constitution); *Hallstrom v. Garden City,* 991 F.2d 1473, 1484–85 (9th Cir.1993) (citing maintenance of jail security and "the effective management of the detention facility" as legitimate, non-punitive governmental interests).

**AFFIRMED.**