**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE BIRKS, | No. 08-15841 |
| Plaintiff - Appellant, | D.C. No. 2:05-CV-01105-LKK-EFB |
| v. | |
| C. A. TERHUNE, California Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N. R. SMITH, Circuit Judges.

Lawrence Birks, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials

used excessive force against him and acted with deliberate indifference to his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a grant of summary judgment.  *Toguchi v. Chung*, 391 F.3d 1051, 1056

(9th Cir. 2004).  We review de novo the district court's dismissal of claims for

failure to exhaust administrative remedies under the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e(a), and review for clear error its factual

determinations.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We

affirm.

The district court properly granted summary judgment for defendant

McGuire on Birks's excessive force claim.  Birks failed to present evidence

creating a genuine issue of material fact as to whether McGuire applied force "in a

good faith effort to restore discipline and order and not 'maliciously and

sadistically for the very purpose of causing harm.'"  *Clement v. Gomez*, 298 F.3d

898, 903 (9th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

The district court properly granted summary judgment for McGuire on

Birks's deliberate indifference claim because Birks failed to present evidence of

injury from the alleged indifference.  *See Shapley v. Nev. Bd. of State Prison

Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (a delay in medical

treatment must lead to further injury to support a claim for deliberate indifference).

To the extent Birks's claim relating to his medical treatment is that McGuire

breached a duty of medical confidentiality owed to Birks, that claim fails. *See Seaton v. Mayberg*, 610 F.3d 530, 534-35 (9th Cir. 2010) (prisoners' privacy interest in medical treatment information yields to prisons' interest in maintaining security).

The district court properly dismissed Birks's claims against defendants Runnels and Cummings because Birks failed to exhaust his administrative remedies before filing suit naming these defendants. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (PLRA "requires exhaustion before the filing of a complaint and . . . a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation"). We construe the dismissals of Birks's claims against Runnels and Cummings to be without prejudice. *See Wyatt*, 315 F.3d at 1120 (dismissals for failure to exhaust administrative remedies are without prejudice).

The district court did not abuse its discretion in dismissing Birks's claims against defendants Mangis and Barron under Rule 4(m) of the Federal Rules of Civil Procedure because, despite ample time provided by the district court, Birks failed to provide information needed by the United States Marshal to serve these defendants. *See* Fed. R. Civ. P. 4(m); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001) (reviewing for abuse of discretion Rule 4(m) dismissal).

The district court did not abuse its discretion in denying Birks's request for additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure because Birks did not show how allowing him additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998) (reviewing for abuse of discretion and upholding denial of discovery under Rule 56(f) where "appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim").

Birks's remaining contentions are unpersuasive.

Birks's pending motions are denied.

**AFFIRMED.**