FILED

JUL 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERT YOUNG,

             Plaintiff - Appellant,

  v.

PETER BRESLER, Doctor, CA Mens
Colony; et al.,

             Defendants - Appellees.

No. 09-17690

D.C. No. 2:03-cv-00951-FCD-
JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Darrell, Jr., District Judge, Presiding

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

    Albert Young, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his hepatitis C in violation of his federal and state constitutional

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We may affirm on any ground supported by the record, *Enlow v. Salem–Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004), and we affirm.

Summary judgment for defendants Brown and McArthur was proper because Young failed to raise a genuine dispute of material fact as to whether their failure to inform Young that he had hepatitis C and provide him treatment for his Hepatitis C caused or will cause Young further injury. *See Shapely v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (a delay in medical treatment must lead to further injury to support a claim of deliberate indifference); *see also Ochoa v. Superior Court*, 703 P.2d 1, 10-14 (Cal. 1985) (applying the same analytic framework to the plaintiff's claim of deliberate indifference to medical needs under the state and federal constitutions).

The district court did not abuse its discretion by denying Young's request for appointment of new counsel after Young terminated his prior court-appointed counsel because Young failed to show "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (setting forth the standard of review).

Young's remaining contentions are unpersuasive.

Young's requests for appointment of counsel and an expert, set forth in his supplement to his opening brief, are denied.

Young's request for judicial notice of his district court filings concerning his request to terminate counsel is denied as unnecessary because those filings are part of the record.

**AFFIRMED.**