**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY A. EDMUNDSON, | No. 14-35727 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 9:13-cv-00032-JCL |
| FLATHEAD COUNTY SHERIFF DEPARTMENT; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding**

Submitted May 24, 2016***

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Rodney A. Edmundson, a former Flathead County pretrial detainee, appeals

pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        Edmundson consented to proceed before a magistrate judge.   *See* 28 U.S.C. § 636(c).

***        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs.   We have jurisdiction under 28 U.S.C. § 1291.   We review de novo.   *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).   We affirm.

The district court properly dismissed Edmundson's claims against defendants Dusing and the Flathead County Sheriff Department because Edmundson failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se proceedings are to be construed liberally, plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (plaintiff bringing a claim against a municipal entity must show that the official action was pursuant to official policy); *see also Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (applying deliberate indifference standard to pretrial detainee).

The district court properly granted summary judgment on Edmundson's deliberate indifference claim because Edmundson failed to raise a genuine dispute of material fact as to whether Bowen was deliberately indifferent to Edmundson's serious medical needs.   *See Toguchi*, 391 F.3d at 1057-60 (neither a difference of

opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam) (deliberate indifference is not shown where prisoner is not denied treatment).

The district court properly granted summary judgment on Edmundson's retaliation claim because Edmundson failed to raise a genuine dispute of material fact as to whether any alleged adverse action against him by Bowen had a chilling effect on the exercise of his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim).

The district court did not abuse its discretion by denying Edmundson's motion to compel discovery. *See* Fed. R. Civ. P. 26(b)(1); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (trial court's decision to deny discovery will not be disturbed except upon the clearest showing of actual and substantial prejudice).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**