**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES LEROY HERRINGTON,

             Plaintiff-Appellant,

   v.

THOMAS BRISTOL, Dr.; et al.,

             Defendants-Appellees,

 and

THERAPUTIC LEVEL OF CARE
COMMITTEE; et al.,

             Defendants.

No.   20-35288

D.C. No. 2:16-cv-00680-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 4, 2022 [**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Herrington appeals the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and affirm.

The continuing violations doctrine does not save the claims challenging treatment that occurred before the statue of limitations ran on February 19, 2014. The mere fact that the testing and treatment decisions were related to the same medical condition does not establish a continuing violation. *See Pouncil v. Tilton*, 704 F.3d 568, 579 (9th Cir. 2012) (explaining that "the statute of limitations begins to run, from the date of [each] discrete act, even if there was a prior, related past act"); *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) (explaining that a "continuing impact" from acts occurring before the limitations period will not establish a continuing violation).

The district court did not abuse its discretion by finding that a doctor's affidavit was not submitted in bad faith and denying the motion to strike the affidavit. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth the standard of review).

Herrington's mere disagreement with the doctors' testing, diagnoses, and treatment decisions does establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976); *Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). There is no evidence that the defendants knew of and disregarded an excessive risk to Herrington's health. The prison offered to facilitate his purchase of orthotics, which he declined. He did not allege or establish in the district court that he was unable to pay for the orthotics. *See Porretti v. Dzurenda*, 11 F.4th 1037, 1047-48 (9th Cir. 2021) (setting forth the deliberate indifference standard); *Shapley v. Nev. Bd. of State Prison Com'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (holding that a policy of requiring inmates to self-purchase medical care does not violate the Eighth Amendment absent evidence of deliberate indifference under *Estelle*).

**AFFIRMED.**